**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Richard Coleman

    v.

State of New Hampshire, et al.

Civil No. 16-cv-498-LM
Opinion No. 2017 DNH 213


## O R D E R

Before the court is defendant Officer Thomas Dronsfield's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As a result of preliminary review conducted pursuant to 28 U.S.C. § 1915(e) and LR 4.3(d)(2), only two claims remain against Dronsfield: a Fourth Amendment malicious-prosecution claim brought under 42 U.S.C. § 1983, and a state tort law claim for malicious prosecution. See doc. no. 19 at 8-10. Dronsfield moves to dismiss both claims on res judicata grounds. In response, plaintiff Richard Coleman filed a motion to strike the motion to dismiss, which the court construes as an objection to Dronsfield's motion.[1] For the following reasons, the court denies Dronsfield's motion to dismiss.

---

[1] Dronsfield argues that the motion to strike should be rejected because it fails to comply with LR 7.1(a)(2) and LR 7.1(c). To the extent that Coleman failed to comply with those rules, the court excuses such failures in the interest of justice. See LR 1.3(b).

## STANDARD OF REVIEW

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In addition, "[a]n affirmative defense such as res judicata may be raised in a motion to dismiss . . . when the facts establishing the defense are clear on the face of the plaintiff's pleadings." Medina-Padilla v. U.S. Aviation Underwriters, Inc., 815 F.3d 83, 85 (1st Cir. 2016). "Where a motion to dismiss is premised on res judicata, [the court] may take into account, in addition to the well-pleaded facts in the complaint, the record in the original action." Id.

## BACKGROUND

The court incorporates by reference the facts set forth in the April 18, 2017 Report & Recommendation, which summarizes the

allegations in Coleman's complaint.  See doc. no. 19 at 2-4; see also doc. no. 25 (approving R & R).  In his motion to dismiss, Dronsfield directs the court's attention to Coleman's 2012 lawsuit against him, which relates to the same incident underlying Coleman's claims in this case.  In that case, as here, Coleman alleged that Dronsfield had Coleman arrested for indecent exposure, knowing that the charge was false.  See Coleman v. Town of Lee, No. 12-cv-109-PB, 2012 WL 4725502, at *2 (D.N.H. Sept. 10, 2012), R. & R. adopted by 2012 WL 4713897 (Oct. 3, 2012).

On preliminary review in the prior case, this court construed Coleman's claim against Dronsfield to be "that Dronsfield lacked probable cause to effect Coleman's arrest [and] knowingly obtained his arrest using false statements," in violation of the Fourth Amendment.  Id.  The court recommended dismissal of the claim, concluding that the complaint failed to state sufficient facts to show that Dronsfield lacked probable cause or "knew that Coleman was innocent when he had him arrested."  Id.  The Report & Recommendation was approved, and the prior suit was dismissed.

## DISCUSSION

Dronsfield argues that res judicata bars Coleman from pursuing the present claims against him, because those claims

are premised on the same operative facts as Coleman's prior suit.  The court disagrees.

Res judicata "does not apply where a claim could not have been raised in the first litigation."  Torromeo v. Town of Fremont, NH, 438 F.3d 113, 116 (1st Cir. 2006) (citing In re Iannochino, 242 F.3d 36, 43 n.4 (1st Cir. 2001)).  Consequently, the doctrine "does not bar a party from bringing a claim that arose subsequent to a prior judgment involving the same parties."  Am. Home Assurance Co. v. Chevron, USA, Inc., 400 F.3d 265, 272 (5th Cir. 2005) (collecting cases); cf. Restatement (Second) of Judgments § 20(2) (1982) ("A valid and final personal judgment for the defendant, which rests on the prematurity of the action . . . does not bar another action by the plaintiff instituted after the claim has matured.").

Here, Coleman could not have brought his malicious-prosecution claims until January 2015, when his indecent exposure charge was dismissed.  This is because one element of a claim for malicious prosecution—whether the claim is framed as a violation of the U.S. Constitution or of state tort law—is that the criminal proceeding terminate in the plaintiff's favor.  See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (constitutional claim); Ojo v. Lorenzo, 164 N.H. 717, 727 (2013) (state law claim).  Thus, it was not until the charge was

4

dismissed, years after the first suit was resolved, that Coleman

could maintain viable causes of action for malicious

prosecution.  Because Coleman could not have brought his

malicious prosecution claims in the prior litigation, res

judicata does not operate to bar the present action.  See

Torromeo, 438 F.3d at 116; Lambert v. Williams, 168 F.3d 482,

1998 WL 904731, at *1 (4th Cir. 1998) (per curiam) ("Because the

malicious prosecution claim was not ripe until [after the

earlier cases concluded], res judicata . . . does not preclude

the [plaintiffs] from raising this claim.").

## CONCLUSION

Accordingly, defendant Dronsfield's motion to dismiss (doc.

no. 26) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 29, 2017

cc:  Richard Coleman, pro se
     Matthew Vernon Burrows, Esq.
     R. Matthew Cairns, Esq.