UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Coleman

    v.                                                      Civil No. 16-cv-498-LM

State of New Hampshire, et al.

## REPORT AND RECOMMENDATION

Pro se plaintiff Richard Coleman moves to amend his complaint to include claims against defendant Thomas Dronsfield for fraud, malicious prosecution, false imprisonment, false arrest, and violations of his Fourth Amendment right to privacy. Doc. no. 61. Dronsfield objects to that motion, arguing that the proposed amendments are barred by the law of the case doctrine or, alternatively, by the relevant statutes of limitations. Doc. no. 65. Coleman moves to dismiss Dronsfield's objection. Doc. no. 71. Both motions have been referred to the undersigned magistrate judge for report and recommendation. For the reasons that follow, the district judge should deny Coleman's motion to amend and, to the extent that recommendation is adopted, deny Coleman's motion to dismiss Dronsfield's objection as moot.

"[L]eave to amend should be 'freely given' in circumstances in which 'justice so requires.'" Calderon-Serra v. Wilmington

Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (brackets omitted) (quoting Fed. R. Civ. P. 15(a)(2)).  This does not mean, however, that "'a trial court must mindlessly grant every request for leave to amend.'"  Id. (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006)).  A court may deny a motion to amend "when the request is characterized by 'undue delay, bad faith, futility, or the absence of due diligence on the movant's part.'"  Id. (brackets and ellipsis omitted) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).  A request can similarly be denied if the proposed amendment "'would serve no useful purpose.'"  Id. (quoting Aponte-Torres, 445 F.3d at 58).

  The court turns first to Coleman's request to amend his complaint to include malicious prosecution claims against Dronsfield.  Coleman currently has Fourth Amendment and state-law malicious prosecution claims pending against Dronsfield as part of this action.  Those claims survived preliminary review, see doc. no. 19 at 10, and Dronsfield's subsequent motion to dismiss, see doc. no. 44, based on the allegations in the complaint.  Coleman's motion merely rehashes, oftentimes verbatim, those same allegations.  Compare doc. no. 61 with doc. no. 9.  Thus, allowing Coleman to amend his complaint to state malicious prosecution claims "would serve no useful purpose," as the same claims, based on the same facts, are already pending in

2

this matter.

Coleman also seeks to amend his complaint to allege claims against Dronsfield for fraud, false imprisonment, false arrest, and violations of his Fourth Amendment right to privacy. Coleman alleged similar, if not identical, claims against Dronsfield as part of his original complaint. Upon preliminary review, the court determined that those claims were barred by the three-year statute of limitations applicable under both 42 U.S.C. § 1983 and New Hampshire Revised Statute Annotated § 508:4, as they were based on events that occurred on or about March 10, 2012, and Coleman did not bring this action until February 1, 2016. See doc. no. 19 at 6-7.[1] To the extent the claims in Coleman's motion to amend are not mere restatements of those previous claims, they are likewise barred by the statute of limitations, as each is again based on events occurring on or around March 10, 2012, and none was brought within three years of that date. It would therefore be futile to allow these claims to proceed. See id. (discussing in greater detail the statute of limitations issue).

Because Coleman's motion to dismiss Dronsfield's objection merely counters arguments raised in that objection, the court

---

[1] The court recommended that the district judge dismiss those claims as untimely, doc. no. 19 at 8, and the district judge approved that recommendation over Coleman's objection, see doc. no. 25.

recommends that it be denied as moot should the district judge deny the motion to amend. The court nevertheless briefly addresses one argument raised in that motion. Coleman argues that his fraud, false imprisonment, false arrest, and Fourth Amendment privacy claims are not barred by the three-year limitations periods because they did not become ripe until January 16, 2015, when the criminal charges against him were dropped. In making this argument, Coleman overlooks a key distinction between these claims and his malicious prosecution claims. Because malicious prosecution requires proof that a criminal proceeding terminated in the plaintiff's favor, see Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013); Ojo v. Lorenzo, 164 N.H. 717, 727 (2013), the limitations period for Coleman's malicious prosecution claims here did not begin to run until the charges against him were dropped. In contrast, the limitations periods began to run on Coleman's other claims when he knew or had reason to know of the injury on which those claims were based. See April 18, 2017 Report and Recommendation (doc. no. 19) at 6-8. As all of those claims relate to events occurring on or around March 10, 2012, the limitations periods began to run no later than that date. See id. Thus, as discussed, those claims are untimely.[2]

---

[2] Coleman also suggests in his motion to dismiss Dronsfield's objection that he wishes to "delete" Natasha

For the foregoing reasons, the court recommends that the district judge deny Coleman's motion to amend. Doc. no. 61. Should this recommendation be approved, the court further recommends that Coleman's motion to dismiss Dronsfield's objection to the motion to amend (doc. no. 71) be denied as moot. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2018

cc:  Richard Coleman, pro se
     Charles P. Bauer, Esq.
     Matthew Vernon Burrows, Esq.

---

Cormier as a defendant in this case. See doc. no. 71 ¶ 16. It is unclear what specific relief Coleman seeks with respect to Cormier. To the extent Coleman wishes to have default judgment entered against Cormier, the court reiterates that this matter will not be taken up until the claims against Dronsfield have been resolved. See doc. no. 54; doc. no. 60. If Coleman now wishes to voluntarily dismiss Cormier from this action, he may seek to do so consistent with the requirements of Federal Rule of Civil Procedure 41.