**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard Coleman

      v.                             Case No. 16-cv-498-LM

State of New Hampshire, et al.

## REPORT AND RECOMMENDATION

The sole remaining claim in this case is pro se plaintiff Richard Coleman's malicious-prosecution claim against Natasha Cormier. On June 22, 2017, the clerk of court defaulted Cormier for failing to appear. See doc. no. 34. Coleman now moves for default judgment against Cormier. Doc. no. 128.[1] The motion has been referred to the undersigned magistrate judge for report and recommendation. For the reasons that follow, the court recommends that the district judge deny Coleman's motion.

## Background

**A.    Allegations in the complaint**

The court starts by briefly summarizing the allegations in Coleman's complaint. A more comprehensive discussion of those

---

[1] Coleman twice previously moved for default judgment against Cormier. See doc. no. 37; doc. no. 47. The court denied both motions without prejudice, the first time because Coleman had not adequately supported his damages claim, see doc. no. 45, and the second time on the basis that Coleman's claims against the other remaining defendant, Thomas Dronsfield, should first be resolved on the merits, see doc. no. 60.

allegations can be found in the undersigned's Report and Recommendation following preliminary review, which is incorporated by reference. <u>See</u> doc. no. 19 at 2-4. In short, Coleman alleges that Cormier, his neighbor, falsely reported to law enforcement that Coleman was exposing his genitals to her. Coleman alleges that Lee Police Officer Thomas Dronsfield responded to the call and confronted Coleman, then secured a warrant for Coleman's arrest. Coleman alleges that Dronsfield lied in the affidavit submitted in support of that warrant and intentionally omitted exculpatory information from the affidavit. Coleman alleges that he was arrested and prosecuted for indecent exposure, but that the charges were ultimately dropped in January 2015.

**B.    Procedural history**

Following preliminary review, the court concluded that Coleman had asserted viable state and federal malicious-prosecution claims against Dronsfield and minimally pleaded a state-law malicious prosecution claim against Cormier.[2]  Though Cormier defaulted, Dronsfield appeared through counsel and defended the claims against him.

---

[2] Coleman also asserted a Fourth Amendment malicious-prosecution claim against Cormier, which the court recommended be dismissed because Coleman had not alleged that Cormier was a state actor when she made the allegedly false allegations. <u>See</u> <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1002 (1982). Judge McCafferty approved that recommendation.

Dronsfield and Coleman each moved for summary judgment. Those motions were referred to the undersigned for report and recommendation.  Concluding that Coleman had not pointed to any evidence in support of his claims against Dronsfield, and finding meritless Coleman's arguments as to why he was nevertheless entitled to summary judgment, the court recommended that Coleman's motion be denied.  See doc. no. 115 at 6-12.  In contrast, the court concluded that Dronsfield had marshaled evidence demonstrating that there was probable cause to arrest Coleman for indecent exposure and that Coleman had not countered that evidence with any of his own.  Id. at 12-19.  Because lack of probable cause is an element of malicious prosecution under both federal and state law, see Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (2013); Farrelly v. City of Concord, 168 N.H. 430, 445 (2015), the court recommended that Dronsfield's motion be granted, see doc. no. 115 at 19-20.  Judge McCafferty approved both recommendations over Coleman's objection.  See doc. no. 120.

The court also briefly addressed Coleman's claim against Cormier in its Report and Recommendation.  See id. at 1 n. 1. The court noted that Coleman had twice previously moved for default judgment against Cormier, but that both motions had been denied without prejudice.  Id.  The court further noted that Coleman had suggested that he wished to have Cormier "deleted"

from the suit but had not formally sought to dismiss her as a defendant.  Id.  The court ultimately took no position with respect to Coleman's claims against Cormier or her status as a defendant.  Id.

On October 23, 2018, Judge McCafferty issued a procedural order directing Coleman to file a motion for default judgment against Cormier no later than Friday, November 16, 2018.  See doc. no. 124.  In response, Coleman filed the currently pending motion.  See doc. no. 128.  Coleman's motion comprises a single paragraph and cites no evidence, record or otherwise.  See id.

## Discussion

When presented with a motion for default judgment, a court ordinarily "examine[s] a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcón v. Autoridad de Energía Electríca, 301 F.3d 1, 2 (1st Cir. 2002) (quoting Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)).  But the court's analysis is not so limited when a plaintiff brings similar claims against multiple defendants and at least one defendant appears and defends the claims against it on the merits.  Rather, when an answering defendant's defense equally applies to a plaintiff's claims against a defaulting defendant, "summary judgment in favor of the answering

defendant[] will accrue to the benefit of the defaulting defendant." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (4th ed. 2018) (and cases cited therein). Put differently, "if [a] plaintiff loses on the merits [against an answering defendant], the complaint should then be dismissed against [all defendants]." Animal Sci. Prod., Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (collecting cases).

The only claims to survive preliminary review in this case were for malicious prosecution. But as discussed, lack of probable cause is an element of malicious prosecution under both state and federal law. Hernandez-Cuevas, 723 F.3d at 101; Farrelly, 168 N.H. at 445. The court previously concluded that Dronsfield was entitled to summary judgment on Coleman's claims against him because the record evidence, even when taken in the light most favorable to Coleman, demonstrated that there was probable cause for Coleman's arrest under both the federal and state definitions of the probable-cause standard. See doc. no. 115 at 15-20. Because Coleman's claim against Cormier is based on the same theory and arises from the same underlying series of events, and Coleman cites no additional evidence in support of that claim, this conclusion equally precludes an entry of default judgment against Cormier. See Wright, Miller & Kane, supra, § 2690.

## Conclusion

For these reasons, the district judge should deny Coleman's motion for default judgment (doc. no. 128). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

Andrea K. Johnstone
United States Magistrate Judge

December 28, 2018

cc:  Richard Coleman, pro se
     Charles P. Bauer, Esq.
     Matthew Vernon Burrows, Esq.